1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  RANDOLPH E. GARAUX,                    )    1:09-cv-01487 AWI GSA HC
                                           )
12                   Petitioner,           )    FINDINGS AND RECOMMENDATION
                                           )    REGARDING RESPONDENT'S MOTION
13       v.                                )    TO DISMISS
                                           )    [Doc. #13]
14  JAMES A. YATES,                        )
                                           )
15                   Respondent.           )
                                           )
16  _____       )

17

18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

                              **BACKGROUND**
20

21       Petitioner was convicted in the San Diego County Superior Court of first degree murder, a

22  violation of California Penal Code § 187.  See Petition at 2.  He is serving an indeterminate sentence

23  of life in state prison.  He challenges a prison disciplinary hearing in which he was found guilty of

24  disruptive behavior, claiming he was denied his right to freedom of expression because the hearing

    officer based his finding on Petitioner's "openness to argue . . . during class time." Id. at 5.
25
    Petitioner sought collateral relief in the state courts, but his petitions were denied.
26
         On August 24, 2009, he filed the instant federal petition in this Court.  On November 12,
27
28  2009, Respondent filed a motion to dismiss the petition for lack of habeas jurisdiction. Petitioner

1  filed an opposition on November 25, 2009, and Respondent filed a reply on December 3, 2009.

2                                          **DISCUSSION**

3  **I.  Jurisdiction**

4          Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

5  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

6  the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

7  375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

8  Constitution.  In addition, this controversy arises out of Pleasant Valley State Prison which is located

9  within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).  Accordingly, the

10  Court has jurisdiction over the action.

11          On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of

12  habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood,

13  114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996),

14  *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320

15  (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition

16  was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

17  **II. Procedural Grounds for Motion to Dismiss**

18          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

19  petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief."  *See*

20  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

21          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

22  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

23  state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using

24  Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis,

25  874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to

26  dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal.

27  1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and

28  the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.

1  12.  In this case, Respondent has not yet filed a formal answer so the Court will review Respondent's

2  motion to dismiss pursuant to its authority under Rule 4.

3  **III.  Standing**

4         Article III, § 2, of the Constitution gives the federal courts jurisdiction over only "cases and

5  controversies."  U.S. Const. Art. III, § 2, cl. 2.  In order for a petitioner to satisfy the case-or-

6  controversy requirement "he must demonstrate that he has suffered an 'injury in fact.'"  Whitmore v.

7  Arkansas, 495 U.S. 149, 155 (1990).  In other words, the petitioner "must have suffered, or be

8  threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

9  judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  In this case,

10  Petitioner does not claim that he has suffered any actual injury due to being found guilty of the

11  disciplinary charge. Petitioner concedes that because he is serving a natural life sentence, he cannot

12  lose time credits. Nevertheless, he claims he will be subjected to future injury by being denied parole

13  because of the prison disciplinary finding.

14         In most cases, allegations of future injury cannot satisfy the requirements of Article III.  "A

15  threatened injury must be 'certainly impending' to constitute and injury in fact."  Whitmore, 495

16  U.S. at 158.  Petitioner's allegation of future injury is too speculative to be "certainly impending."

17  The parole board has broad discretion to fix a parole date, and is not required to do so until the

18  inmate is found suitable. 15 Cal. Code Regs. §§ 2400 et seq.  It is unknown whether the disciplinary

19  violation will cause Petitioner to be denied parole, and "it is not [the court's] function to speculate

20  about how future parole hearings could proceed." Sass v. Board of Prison Terms, 461 F.3d 1123,

21  1129 (9th Cir.2006). Therefore, the motion to dismiss should be granted.

22                              **RECOMMENDATION**

23         Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition

24  for writ of habeas corpus be GRANTED and the petition for writ of habeas corpus be DISMISSED

25  for lack of jurisdiction.

26         This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

27  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

28  of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:     December 10, 2009                    /s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE